UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRIAN TUGANA and RUSSELL WEAVER, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 4:16-cv-04227-SLD-JEH |
| v. | ) ) |
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, an Agent of the United States of America, | ) ) ) ) |
| Defendant. | ) ) ) |

ORDER

Before the Court is Defendant Federal Deposit Insurance Corporation's ("the FDIC") motion to dismiss Plaintiffs' claims, ECF No. 8. For the following reasons, the motion is GRANTED.

**BACKGROUND[1]**

Plaintiffs Tugana and Weaver owned shares of River Valley Bancorp ("River Valley"), a holding company that owned both Valley Bank Illinois ("VBI") and Valley Bank Fort Lauderdale, Florida. During the period relevant to Plaintiffs' claims, Larry Henson was President and CEO of River Valley, and also of VBI. Henson had been convicted of a crime in 1995.[2] Subsequently, Henson was forced to resign from all his positions, and as a result in part

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Accordingly, the material set forth here is, unless otherwise noted, based on allegations in the Complaint, ECF No. 1, and the attachments thereto. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").
[2] The Complaint alleges that Henson was convicted of violating 5 U.S.C. § 552(a), which is difficult to credit since § 552(a) announces an administrative requirement that federal agencies publish certain information about themselves in the Federal Register, and Title 5 of the United States Code concerns the roles of agencies and civil

of decisions he took while CEO, VBI failed and was placed in receivership. The value of Tugana's and Weaver's shares dropped as a result. An FDIC Material Loss Review later determined that "VBI failed primarily because of lax oversight by its Board and a dominant CEO that [sic] implemented a risky business strategy." Loss Review i, Compl. Ex. 7, ECF No. 1. The FDIC also determined that it "should have taken stronger supervisory action . . . when it was apparent that prior supervisory efforts to address the CEO's risky business decisions and the bank's deteriorating financial condition were unsuccessful." *Id.* at I-10.

On November 19, 2015, Tugana submitted a damages claim to the FDIC pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, alleging that his property interest in River Valley had been harmed by the FDIC's breach of fiduciary duty and negligence in allowing Henson, a "convicted criminal," to serve as the CEO of VBI, and in failing to remove him from that position. Tugana Claim 1, Compl. Ex. 1, ECF No. 1. On November 21, 2015, Weaver submitted a similar claim. Weaver Claim 1, Compl. Ex. 3, ECF No. 1. On May 19, 2016, the FDIC denied Tugana's and Weaver's claims. Tugana Denial, Compl. Ex. 5, ECF No 1; Weaver Denial, Compl. Ex. 6, ECF No. 1.

Weaver and Tugana filed suit on October 21, 2016, alleging in more detail the same two FTCA claims. Compl. 4–8. They named, as the sole defendant, "THE FEDERAL DEPOSIT INSURANCE CORPORATION, an Agent of the United States of America." *Id.* at 1. The Clerk affixed a seal with his signature to the summons, ECF No. 2, and on November 3, 2016, Plaintiffs returned a process server's affidavit indicating that on October 31, 2016, she had delivered the summons, complaint, and exhibits to one Barbara Williams, a "legal assistant and authorized agent" of the FDIC, at 1776 F St. NW, Washington, DC 20429. Drum Aff., ECF No.

---

service employees. The Court will, in construing all facts in favor of the non-movant, assume that Henson was convicted of some crime or other.

3. On February 3, 2017, Plaintiffs filed a notice indicating that they had mailed copies of the summons and complaint to the office of the United States Attorney General and to the United States Attorney's Office for the Central District of Illinois. Feb. 7, 2017 Not. Service, ECF No. 4. Plaintiffs attached certified mail receipts indicating that the Attorney General received the documents on January 31, 2017, and the United States Attorney on January 30, 2017. Receipts, *Id.* Ex. 1, ECF No. 4. On February 7, 2017, the Court entered a Text Order explaining that Plaintiffs had not fully complied with the requirements for service of process upon an agency of the United States, and that the person they claimed to have served did not appear to be authorized by the FDIC to receive process. Subsequently, service was effected, *see* Feb. 14, 2017 Not. Service, ECF No. 6; and counsel for the FDIC entered his appearance, FDIC Not. Appearance, ECF No. 7.

The motion to dismiss was filed on March 17, 2017, and is ripe for ruling.

## DISCUSSION

### I. Legal Standard on a Motion to Dismiss for Lack of Subject Matter Jurisdiction

A party may move for a district court to dismiss claims over which the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In ruling on such a motion, "the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008). Whereas on a motion to dismiss for failure to state a claim, a court may not look beyond the allegations of a complaint, in ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may look beyond those allegations to other evidence that has been submitted, or to judicially noticeable facts, in order to assure themselves that jurisdiction exists. *Id.* at 656–57. When a defendant challenges the existence of subject matter jurisdiction as a factual matter, the burden of proving jurisdiction

3

rests with the plaintiff. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

## II. Analysis

The FDIC moves to dismiss Plaintiffs' claims on several grounds, the first of which is that, pursuant to Rule 12(b)(1), the Court lacks subject matter jurisdiction because the FDIC is not subject to suit in its own name, and Plaintiffs failed to name the correct party—the United States of America—in their Complaint. The FDIC further argues that Plaintiffs should not be permitted to amend their Complaint to name the United States of America. Mem. Supp. Mot. Dismiss 1, ECF No. 9. Plaintiffs respond that they did name the United States of America in their Complaint, Resp. Mot. Dismiss 1, ECF No. 11, and that if the Court decides they did not, they should be permitted to amend their Complaint, *id.* at 1–2. Because the FDIC succeeds on its first argument, which is dispositive of all claims, the Court will not discuss the other arguments the FDIC offers in support of its motion.

The FDIC is correct that the United States is the only proper party to an FTCA claim. Absent a waiver, the sovereign immunity of the federal government and its agencies is absolute, and shields them from suit. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). The FTCA extends a limited waiver of this immunity for certain tort claims, but only as to the United States itself. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."). This is so notwithstanding the statutory authorization of certain agencies, including the FDIC, 12 U.S.C. § 1819, to sue and be sued in their own name. 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be

exclusive."); *see* 28 U.S.C. § 1346(b) (securing to federal district courts exclusive jurisdiction over injury and loss claims against the United States). Thus, a federal district court lacks subject matter jurisdiction over an FTCA claim not made against the United States, but against some other party. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). ("[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").

Plaintiffs assert that "in the caption of this complaint the United States of America was specifically named as a defendant[.]" Resp. Mot. Dismiss 1. This claim is simply false; the Complaint lists only the FDIC as a defendant. Describing the FDIC as an agent of the United States does not make the United States a defendant. *See Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) ("Under the [FTCA], a governmental agency cannot be sued in its own name; the action must be brought against the United States. Government agencies do not merge into a monolith; the United States is an altogether different party from either the F.B.I. or the Department of Justice.").

Plaintiffs seek leave to amend their Complaint to name the United States. Resp. Mot. Dismiss 1–2. Plaintiffs may not now bring a new claim against the United States. FTCA claimants must first exhaust their administrative remedies with the appropriate agency prior to filing suit. 28 U.S.C. § 2401(b). If the claim is denied, the claimant may file suit in the district court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim." *Id.* The FDIC denied Plaintiffs' claims on May 19, 2016, meaning that Plaintiffs had until November 19, 2016 to bring suit against the United States. Although the Supreme Court has recently held this six-month statute of limitations to be non-jurisdictional and

subject to equitable tolling, *United States v. Kwai Fun Wong* 135 S.Ct. 1625, 1638 (2015), this Court can discern no basis for equitable tolling here, and Plaintiffs, for their part, offer none.

Thus, the only basis upon which Plaintiffs might amend their Complaint to name the proper party and invoke this Court's jurisdiction is the relation back of their amendment to the date of the original pleading. Fed. R. Civ. P. 15(c); *see Jackson*, 541 F.3d at 696 (holding that amendment of an FTCA claim outside the statute of limitations period to name the United States is permissible if the requirements of Rule 15(c) are met). Amendments to pleadings seeking to change a party or a party's name relate back when the proposed amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," *id.* 15(c)(1)(B); and when, within the period of time described by Rule 4(m) for service of summons and complaint, the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits," *id.* 15(c)(1)(C)(i); and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," *id.* 15(c)(1)(C)(ii). When the United States is sought to be added as a defendant, "Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, [or] to the Attorney General of the United States[.]" *Id.* 15(c)(2).

Here, the transaction or occurrence in question is the same, so Rule 15(c)(1)(B) is satisfied. The decisive question, given that Plaintiffs seek to add the United States as a defendant, is whether process was delivered or mailed within the time period specified by Rule 4(m)—ninety days from the filing of the Complaint—to either the United States Attorney or the United States Attorney for the Central District of Illinois's designee, or to the Attorney General.

6

Plaintiffs did not deliver or mail process to either of those entities within the required time period. Ninety days from the date the Complaint was filed—October 21, 2016—was January 19, 2017. The Attorney General and the United States Attorney for the Central District of Illinois received copies of the summons and Complaint on January 30 and 31, respectively. Rule 15(c)(2) is not satisfied, and Plaintiffs make no showing that the United States received notice of the action within the time period prescribed by Rule 4(m) by any other means. The Court's subject matter jurisdiction having been placed in question by the FDIC's motion, it is Plaintiffs' burden to make this showing; they have not carried their burden.

The FDIC is correct that *Jackson*, upon which Plaintiffs rely, is distinguishable. In *Jackson*, the district court dismissed an FTCA claim against individual prison officers because they were not proper FTCA defendants, and when the plaintiff sought to amend his complaint to name the United States outside the six-month statute of limitations, the court held that his proposed amendment did not relate back. *Jackson*, 541 F.3d at 692. The Seventh Circuit reversed because, pursuant to Rule 15(c), both the Attorney General and the United States Attorney's Office had received copies of the plaintiff's summonses within the statutory period. *Id.* at 696; *see id.* at 696–97 ("[S]o long as the United States receives actual notice within the six-month limitations period for commencement of an FTCA lawsuit, the identification of the United States as the proper FTCA defendant after the six-month period would relate back to the timely filed action[.]"). Here, Plaintiffs have not shown that the United States received actual notice within the six-month period, and that their proposed amendment to add the United States should therefore be allowed to relate back to the original Complaint.

Plaintiffs may not now add the United States as a defendant, and the Court lacks subject matter jurisdiction over FTCA claims against any other party. Plaintiffs failed to sue the only

7

acceptable party within the statutorily prescribed period, and have no excuse; their claim must be dismissed.

## CONCLUSION

Accordingly, Defendant's motion to dismiss, ECF No. 8, is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment and close the case.

Entered this 12th day of May, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
